GUIDRY, Justice,
dissents and assigns reasons.
|,I respectfully dissent from the majority holding that La.Rev.Stat. 23:1205(A) does not preclude, except with regard to the injured worker’s “future stream of income,” the assignment of claims or payments due a health care provider from the employer or its insurer under the workers’ compensation law, La.Rev.Stat. 23:1021 et seq. The majority, in my view, has misapplied the statute in this case and has done so in contravention of the spirit and intent of Louisiana’s workers’ compensation system. For the reasons set forth below, I would affirm the decision of the court of appeal, which sustained the peremptory exception of no right of action and dismissed the claims of Rebel Distributors Corporation, Inc., d/b/a Physician Partner and Pharmacy Partner (“Rebel Distributors”).
La.Rev.Stat. 23:1205(A) provides as follows:
Claims or payments due under this Chapter shall have the same preference and priority for the whole thereof against the assets of the employer as is allowed by law for any unpaid wages of the laborer; and shall not be assignable, and shall be exempt from all claims of creditors and from levy or execution or attachment or garnishment, except under judgment for alimony in favor of a wife, or an ascendant or descendant. {Emphasis supplied.}
Although the majority flatly states that the phrase “[cjlaims or payments due under this Chapter” does not refer to any claim or payments due pursuant to |2the workers’ compensation laws, but only to those of the injured worker, see supra p. 836, the phrase refers explicitly to all claims and payments due under the workers’ compensation laws. “[T]his Chapter” referenced in the first part of La.Rev.Stat. 23:1205(A) is Chapter 10, which is specifically entitled “Workers’ Compensation,” and it is located within Title 23, entitled “Labor and Workers’ Compensation,” of the Louisiana Revised Statutes. Chapter 10, “Workers’ Compensation,” consists of the entirety of the Workers’ Compensation Act, La.Rev. Stat. 23:1021 et seq. Thus, under La.Rev. Stat. 23:1205(A), any claim or payment due under Chapter 10, which consists of the whole of the workers’ compensation law, is given special preference against the assets of the employer and may not be assigned. This is a plain and common sense reading of the statute, and such a reading does not lead to absurd consequences. Clearly the legislature intended to limit the parties who could make claims against the assets of the injured worker’s employer to the worker himself, his ex-spouse and heirs by judgment of the court, and other persons authorized to do so under the workers’ compensation law. Such a rationale is eminently logical given the quid pro quo underpinnings of the workers’ compensation *843 remedy as between the injured worker, who foregoes his remedy in tort in return for certain compensation for his injury, and his employer, who receives immunity therefrom.
The majority, not surprisingly, does not define the term “claims and payments due the injured worker,” which appears nowhere in La.Rev.Stat. 23:1205(A), but the discussion suggests it means only those payments due directly to the injured worker, such as his “future stream of income _” Supra, p. 839. However, every claim or payment under the workers’ compensation laws, even those by qualified health care providers for | .^reimbursement for medical services under special statutes within the workers’ compensation law, stems from the employee-employer relationship. Thus, all claims or payments asserted against the assets of the employer, or its insurer, are ultimately those of the injured worker. Consequently, it is somewhat tautological for the majority to state that La.Rev.Stat. 23:1205(A) applies only to claims or payments due the injured worker, when every claim or payment under the workers’ compensation law, whether for wages or medical services provided, is by definition due the injured worker.
Although the majority places great stock in the placement of La. Rev Stat. 23:1205(A) in Part II, relating to “Benefits,” rather than in Part I, Subpart G, entitled “Attorneys and Physicians,” the majority ignores the plain language of the statute itself, which, as discussed above, refers to all “claims and payments due under this Chapter,” that is, the workers’ compensation law in its entirety, including Parts I and II. Moreover, the majority ignores the remainder of La.Rev.Stat. 23:1205 itself, which has quite a broad scope and is not limited to restrictions on what the injured worker may or may not do with any “future stream of income.” La.Rev.Stat. 23:1205 is entitled “Claim for payments; privilege of employee; non-as-signability; exemption from seizure; payment of denied medical expenses.” As noted above, Paragraph A proscribes the assignment of any claim or payment due under the workers’ compensation law. Paragraph B of the statute provides that a health care provider shall have the right of reimbursement against the entity responsible for the payment of workers’ compensation benefits for the injured employee, places limits on reimbursement, and allows the provider to seek attorney’s fees and costs injections brought by the employee. Paragraph C of La.Rev.Stat. 23:1205 provides, inter alia, for claims by a health insurer when the workers’ compensation payor denies the existence of a compensa-ble injury and for penalties when the workers’ compensation payor arbitrarily and capriciously fails to reimburse medical expenses. Thus, La.Rev.Stat. 23:1205 is not limited to the relationship between the injured employee, the employer, and the workers’ compensation insurer, as the majority posits. Supra, pp. 838-39. Accordingly, I find no support, by virtue of the statute’s geography, for the majority’s interpretation of the statute limiting the prohibition on assignment only to an injured employee’s “future income stream.”
Additionally, the majority needlessly worries about how a health care provider might choose to collect payments from the workers’ compensation payor, even hypothesizing the court of appeal’s ruling “could be detrimental to the injured employee” because a health care provider “[might] choose not to offer medical services to injured employees” if the provider cannot rely on third parties to handle billing and collection for services. See supra p. 838. In my view, La.Rev.Stat. 23:1205(A) simply precludes the provider from assigning to a third party his rights to payments due under the workers’ com *844 pensation law. The legislature reasonably chose to limit the parties who may proceed directly against the assets of the employer or its insurer for reimbursement of medical services provided. The legislature reasonably envisioned the hardship on employers and their workers’ compensation carriers if a multitude of third party claimants were able to present demands for claims and payments due under the workers’ compensation laws that were assigned to them by health care providers or others.
| .^Accordingly, I dissent from the majority’s holding that La.Rev.Stat. 23:1205(A) does not govern the assignability of claims belonging to or payments due a health care provider. In my view, the statute clearly precludes the assignment of any claim or payment due under the workers’ compensation laws, including those of a health care provider against the employer or the workers’ compensation carrier.
I further dissent from the majority’s apparent holdings that the 2010 agreement was a novation of the 2007 agreement under La. Civ.Code art. 1881 and that Rebel Distributors was a health care provider within the meaning of La.Rev.Stat. 23:1021(6) because it was an “agent” of the physician/clinic under the law of mandate. In my view, the majority’s holdings, if that is what they are, amount to dicta in light of the majority’s remand order. At any rate, I would not remand the ease to the court of appeal, but would instead affirm that court’s judgment in its entirety, including its findings that the 2010 agreement did not novate the 2007 agreement and, in fact, could not have done so given that Rebel Distributors had no right of action against the employer and the workers’ compensation carrier under the 2007 agreement.